UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WILLIAMS,

       Plaintiffs,                                Hon. Janet T. Neff

v.                                                   Case No. 1:10 CV 1098

BERRIEN COUNTY, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated the present action against Berrien County, the Berrien County Court, Carlene Battista, Terri Springman, and Transcript Unlimited. The Honorable Janet T. Neff referred the matter to the undersigned for "handling of all matters under [28 U.S.C.] § 636(a) and 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B)."

The Court has granted Plaintiff's motion to proceed as a pauper in this matter. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court recommends that Plaintiff's complaint be dismissed.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. Plaintiff was convicted of unspecified criminal offenses following a March 2008 trial. Following Plaintiff's conviction, the trial court, in April 2008, conducted a "post-trial motion hearing." Transcripts of these proceedings were

prepared by Carlene Battista and Terri Springman. On March 12, 2010, Plaintiff filed, in the United States District Court for the Eastern District of Michigan, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Respondent in Plaintiff's habeas action subsequently filed with the Eastern District the aforementioned transcripts.

Plaintiff initiated the present action, pursuant to 42 U.S.C. § 1983, against Berrien County, the Berrien County Court, Carlene Battista, Terri Springman, and Transcript Unlimited. Plaintiff alleges that the transcripts in question are inaccurate and incomplete and that Defendants "negligently misrepresented" such. Plaintiff asserts that such has denied him "a fair Federal Habeas review." Plaintiff requests ten million dollars ($10,000,000.00) in damages.

## ANALYSIS

**I.        Negligence Claims are not Cognizable under 42 U.S.C. § 1983**

In his complaint, Plaintiff asserts that "[t]his action against the defendants is not barred by the doctrine of res judicata, collateral estoppel, preclusion, laches, or any other doctrine because the plaintiff's Federal complaint **is only alleging that the defendants negligently misrepresented plaintiff's transcripts** that defendants forwarded to the Federal Court." (Dkt. #1 at 12 of 13) (emphasis added). Claims of negligence, however, are not cognizable in a § 1983 action. *See, e.g., Gazette v. City of Pontiac*, 41 F.3d 1061, 1066-67 (6th Cir. 1994) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 128-30 (1992); *Jones v. Bradley*, 2010 WL 2651294 at *4 (W.D. Mich., July 1, 2010). Accordingly, the undersigned recommends that Plaintiff's claims be dismissed as non-cognizable.

**II.     Plaintiff's Claims Against Berrien County Defendants**

In his complaint, Plaintiff alleges that Berrien County and the Berrien County Court are vicariously liable for the actions of Defendants Battista and Springman. Contrary to Plaintiff's assertion, neither Berrien County nor the Berrien County Court are vicariously liable for the actions of their employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996); *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). To establish liability against Berrien County or the Berrien County Court, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a policy, practice, or custom. *See Thomas*, 398 F.3d at 429.

To establish the existence of a policy, practice, or custom, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that Berrien County or the Berrien County Court had notice or constructive notice of such; (3) that Berrien County or the Berrien County Court tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *Id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)).

Plaintiff does not allege in his complaint that his constitutional rights were violated by (or because of) any policy, practice, or custom. Likewise, he has not alleged any facts from which such can reasonably be inferred. Thus, Plaintiff has failed to state a claim against Berrien County or the Berrien County Court. Accordingly, the undersigned recommends, in the alternative, that Plaintiff's

claims against Berrien County and the Berrien County Court be dismissed for failure to state a claim on which relief may be granted.

**III.     Defendants Battista and Springman are entitled to Immunity**

Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Such immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages)); *Washington v. Shelby County*, 1989 WL 63896 at *1 (6th Cir., June 15, 1989) (court reporter is entitled to judicial immunity when acting within the scope of his or her official duties). Accordingly, the undersigned recommends, in the alternative, that Plaintiff's claims against Defendants Battista and Springman be dismissed.

**IV.     Plaintiff's Claims are not Ripe**

Plaintiff asserts that the alleged transcription errors committed by Battista and Springman have denied him "a fair Federal Habeas review." Plaintiff's habeas action is still ongoing, however. Plaintiff can hardly complain that his habeas petition was not fairly reviewed when his habeas action is still pending. Accordingly, the undersigned recommends, in the alternative, that Plaintiff's action be dismissed as prematurely asserted.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims be dismissed for the various reasons articulated herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 6, 2010 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge