UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHRISTOPHER
WILLIAMS,

      Plaintiff,

v

BERRIEN COUNTY et al.,

      Defendants.
_____/

Case No. 1:10-cv-1098

HON. JANET T. NEFF

## OPINION AND ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. On December 6, 2010, the Magistrate Judge filed a Report and Recommendation (R & R, Dkt 6), recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Pl. Obj., Dkt 7) and Plaintiff's Motion to Amend Complaint to Cure Defects (Pl. Mot., Dkt 8). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies Plaintiff's Motion to Amend, and issues this Opinion and Order.

Plaintiff makes four objections to the Magistrate's Report and Recommendation. In Plaintiff's first objection, Plaintiff acknowledges that negligence claims are not cognizable under 42 U.S.C. § 1983 and does not deny that his complaint specifically stated that he was "only alleging that defendants negligently misrepresented plaintiff's transcripts" (Dkt 7 at 1, Dkt 6 at 2, Dkt 1 at 12). Instead, Plaintiff asserts that he is entitled to amend his complaint to cure any defects (Dkt 7

at 1) and he has submitted a motion to amend his complaint (Dkt 8 at 1). Plaintiff does not, however, offer any explanation as to how the complaint would or could be amended (*see id.*). Contrary to Plaintiff's assertion, the Sixth Circuit Court of Appeals has held "that the district courts are not to permit plaintiffs to amend a complaint in order to avoid dismissal pursuant to [§ 1915(e)(2)]." *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Even if that were not the case, a motion to amend is properly denied where, as here, the motion to amend does not provide the proposed grounds for amendment. *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). Plaintiff's first objection is denied.

Plaintiff's next objection is that the Magistrate Judge erred in finding that "neither Berrien County nor the Berrien County Court are vicariously liable for the actions of their employees …" (Dkt 7 at 1, Dkt 6 at 3). Plaintiff argues that although he "didn't specificly [sic] allege violation of policy/rules an amendment would cure this defect," and that it can be inferred from his complaint and exhibits that "the Berrien County Court knowingly allowed this illegal activity" and condoned this practice (Dkt 7 at 1). As the Magistrate Judge properly determined, "[t]o establish liability against Berrien County or the Berrien County Court, Plaintiff must demonstrate that he suffered a violation of his federal rights 'because of' a policy, practice, or custom (Dkt 6 at 3) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Plaintiff's belated reliance on multiple inferences to support vicarious liability lacks merit. *See id*. As previously noted, district courts are not permitted to allow plaintiffs to amend complaints to avoid dismissal in cases subject to screening under § 1915(e)(2). *Benson*, 179 F.3d at 1016. Even if amendment were permissible, Plaintiff asserts no additional factual allegations that would support his federal claim and, therefore, a motion to amend would properly be denied. *See Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

Plaintiff also argues that the Magistrate Judge erred in finding that Plaintiff's claims are not ripe (Dkt 7 at 2; Dkt 6 at 4). Plaintiff asserts that as a result of the negligence alleged herein his federal habeas petition will be denied and "it can be inferred that [P]laintiff will not receive a fair review" (Dkt 7 at 2) (emphasis in original). Plaintiff's argument is without merit. The Magistrate Judge properly concluded that, because Plaintiff's habeas petition is still pending in the federal courts, Plaintiff cannot yet assert a claim that his petition was not fairly reviewed (Dkt 6 at 4). Plaintiff's objection is, therefore, denied.

Plaintiff further argues that the Magistrate Judge erred in finding that Defendants Battista and Springman, as court reporters, are entitled to "quasi-judicial" immunity (Dkt 7 at 2, Dkt 6 at 4). Plaintiff argues that the court reporters are not entitled to "governmental" immunity. Plaintiff cites *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993), in which the Supreme Court held that a court reporter was not entitled to absolute judicial immunity for failing to promptly provide a transcript of a criminal trial. The Court acknowledges that court reporters are not entitled to absolute immunity, and rejects the analysis in the Report and Recommendation to the extent it implies otherwise. Nonetheless, as the Magistrate correctly noted, court reporters may be entitled to qualified immunity, and thus, Plaintiff's objection that Defendants Battista and Springman are not entitled to any immunity is denied. In any event, this issue is not dispositive. Because the Magistrate Judge correctly determined that Plaintiff's negligence claims are not cognizable under 42 U.S.C. § 1983 and that Plaintiff's claims are not ripe, the Magistrate Judge's recommendation that Plaintiff's complaint be dismissed as to Defendants Battista and Springman was proper on other grounds.

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. For the above reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 210-11 (2007)).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 7) are DENIED and the Report and Recommendation (Dkt 6) is APPROVED and ADOPTED as the Opinion of the Court except as stated herein.

**IT IS FURTHER ORDERED** that the Motion to Amend (Dkt 8) is DENIED.

**IT IS FURTHER ORDERED** that the Complaint (Dkt 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated in the Report and Recommendation and in this Opinion.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Date: February 22, 2011            /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge